IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-02607-PAB-KLM

MOHAMMED SALEH,

      Applicant,

v.

BLAKE DAVIS, Warden of USP - Max, Florence,

      Respondent.

## ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Kristen L. Mix [Docket No. 16]. The magistrate judge recommends that the Court deny the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 3]. Applicant filed objections to this recommendation [Docket No. 17] and the respondent filed a response [Docket No. 18]. Therefore, the Court reviews the Application *de novo*. *See* Fed. R. Civ. P. 72(b)(3). In so doing, the Court construes petitioner's filings liberally because he is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Applicant is a federal prisoner incarcerated at the United States Penitentiary, Administrative Maximum Prison ("ADX") in Florence, Colorado, who challenges the process afforded him during a disciplinary proceeding which resulted in the deprivation

of accrued good-time credits.[1]  Applicant was disciplined for fighting with another inmate at the United States Penitentiary in Florence, Colorado ("USP-Florence").  Applicant was housed at USP-Florence temporarily, awaiting transfer out of ADX, but was transferred back to ADX immediately after the incident.  As the magistrate judge's Recommendation includes a full and accurate recitation of the facts related to the incident and applicant's disciplinary proceedings, the Court will not restate them here.  In his objections, applicant does not take issue with the magistrate judge's recitation of the facts, beyond stating that his disciplinary proceedings occurred after he was transferred back to ADX.  *See* Docket No. 17 at 1.  The magistrate judge, however, was well aware of this fact and discussed it in her analysis.  *See id.* at 9.

Applicant points to a number of ways in which the disciplinary proceedings violated his due process rights.  An inmate challenging the process provided in disciplinary proceedings resulting in the loss of good-time credits must receive "minimal safeguards" afforded by the due process clause; however, "the full panoply of rights due a defendant in [criminal] proceedings does not apply."  *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 812 (10th Cir. 2007) (citations, quotations omitted).  The inmate is entitled to "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call

---

[1]The magistrate judge correctly concluded that applicant's challenges to the conditions of his confinement, including his placement in solitary confinement, were not cognizable on habeas.  *See Woodruff v. Everett*, 43 F. App'x 244, 246 (10th Cir. 2002) ("Because plaintiff's [habeas] petition unquestionably seeks to challenge conditions of confinement, it must be brought as a section 1983 action.").  Plaintiff's civil case on this matter was recently dismissed by the Court on summary judgment.  *See Saleh v. Federal Bureau of Prisons*, 2010 WL 5464294 (D. Colo. Dec. 29, 2010).

witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* (quoting *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985)). Moreover, the disciplinary body's decision must be "supported by some evidence in the record." *Id.*

Applicant first challenges the sufficiency of the notice he received of his charges. Applicant contends that his notice was defective because the Regional Director found there was a procedural error in his initial Disciplinary Hearing Officer ("DHO") proceedings, requiring a second proceeding. Although the Regional Director's memo stated that the original incident report did not "meet the elements of #201, Fighting" and therefore should be rewritten, *see* Docket No. 17 at 18, the incident report was subsequently rewritten per the Regional Director's instructions and given to applicant prior to his second hearing. *See* Docket No. 3 at 21.[2] Applicant does not challenge the adequacy of this second notice or deny that he received it. Thus, the Court finds applicant received constitutionally sufficient notice of the charges against him. *See Brown v. Wyo. Dept. of Corr. State Penitentiary Warden*, 234 F. App'x 874, 878 (10th Cir. 2007) ("by setting forth the offense codes charges, and a brief description of the charged conduct, prison officials provided [applicant] with sufficient notice").

Next, applicant argues that he was unable to call witnesses and thereby present

---

[2] Applicant's objections continue to point to the Regional Director's finding of procedural error in his first hearing as evidence of due process violations. *See* Docket No. 17 at 3-4. Any alleged violations of due process in applicant's first disciplinary hearing, however, were mooted by his successful appeal and rehearing. *See Brown, Wyo. Dept. of Corr. State Penitentiary Warden*, 234 F. App'x 874, 878, n.1 (10th Cir. 2007).

his defense. Applicant argues that prison officials violated his due process rights both by transferring him to ADX for his disciplinary hearings and forcing his witnesses to give statements in front of other inmates. As to the first of these contentions, the magistrate judge correctly explained that applicant cannot demonstrate that his location impacted his ability to present a defense. *See* Docket No. 16 at 9. Applicant's speculation that had the disciplinary proceedings been conducted at USP-Florence he would have been able to mount a stronger defense is contradicted by the fact that his Staff Representative interviewed three inmates located at USP-Florence per his request, *see* Docket No. 12-1 at 52, all of whom refused to comment when interviewed by his Staff Representative. *See* id. at 39. Moreover, applicant submits no evidence in support of his claim that these witnesses did not comment because they feared retaliation, as the Staff Representative's report indicates the inmates were interviewed one at a time in a TV room. *See* Docket No. 12-1 at 46. Although its setting may not have been completely private, applicant provides no reason to believe that his witnesses would have made a statement in any setting.

Applicant further argues that the evidence presented at his hearings was insufficient. Applicant points to two pieces of exculpatory evidence in support of his claim: (1) a witness statement from A.I. Gallardo; and (2) a videotape of the incident. As the magistrate judge correctly found, the DHO clearly considered Gallardo's statement and this statement does not support applicant's contention that he was not fighting. *See* Docket No. 12-1 at 40-41. As for the videotape, the Tenth Circuit has held that the refusal to produce the video of an incident after it is requested by a prisoner prior to a disciplinary hearing can violate the prisoner's due process rights.

*See Howard v. United States Bureau of Prisons*, 487 F.3d 808, 813-15 (10th Cir. 2007). Here, however, nothing in the record indicates that applicant requested the video prior to either of his hearings. *See* Docket No. 12-1 at 20, 39 (indicating that applicant was advised of his right to present documentary evidence and that he submitted only a one-page letter). Thus, applicant was not denied access to the video so as to violate his due process rights. *See Howard*, 487 F.3d at 814 and n.3 (finding there was "strong inferential support that" Howard requested the video at the hearing and that "[t]he DHO's unjustified refusal to produce and review [the video] deprived [applicant] of the process due him"); *Tigert v. Higgins*, 290 F. App'x 93, 100 (10th Cir. 2008) ("We cannot glean from the record a 'strong' inference that Mr. Tigert actually asked the DHO to review specific evidence relating to the purported clerical error").

Applicant also argues that the DHO's decision denied him his constitutional right to self-defense. The magistrate judge, relying on the Seventh Circuit's decision in *Rowe v. DeBruyn*, 17 F.3d 1047, 1052-53 (7th Cir. 1994), reasoned that there was no constitutional right to claim self-defense in a prison disciplinary proceeding. *See* Docket No. 16 at 12. Although the Tenth Circuit has not directly addressed the issue, its opinion in *Howard* suggests that self-defense remains a viable defense to disciplinary charges in this circuit. *See* 487 F.3d at 814-15 (holding that habeas petitioner was deprived of procedural due process when prison officials refused to disclose a videotape that might "have constituted significant, perhaps conclusive, evidence that might exonerate [petitioner] of the acts charged against him" because the tape could "show he acted in self-defense"). This case does not, however, require the Court to

5

determine if due process entails that prisoners in disciplinary proceedings be able to argue self-defense. While the DHO rejected applicant's self-defense claim, the DHO also convicted applicant of fighting based on eyewitness reports that he was striking another inmate in the face and torso with closed fists. *See* Docket No. 12-1 at 41-43. The DHO's decision need only be supported by "some evidence in the record," *Superintendent, Mass Corr. Inst. v. Hill*, 472 U.S. 445 at 454 (1985), and here, the DHO had sufficient evidence to find that applicant had "a physical altercation in which [he was] an active participant" and thus was fighting. *See* Docket No. 12-1 at 43.

Finally, applicant argues that subjecting him to a rehearing violated double jeopardy and that the Regional Director lost his neutrality to preside over the rehearing process after he was deposed in applicant's unrelated civil case. As to double jeopardy, the magistrate judge properly rejected this argument by reasoning that double jeopardy does not apply to prison disciplinary proceedings, nor were its principles violated here. *See* Docket No. 16 at 13. As to the Regional Director's neutrality, although it is true that "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his right of access to the courts," *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990), applicant presents no evidence to support an inference that the officials involved conducted his rehearing or denied his second appeal in retaliation for his exercise of his rights. *Cf. id.* at 948-49 (detailing evidence which allowed inference of retaliation). Therefore, applicant's argument as to neutrality is unavailing.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 16] is **ACCEPTED**. It is further

**ORDERED** that the Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 3] is **DENIED** and the case is dismissed with prejudice.

DATED January 31, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge